UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

SANDY L. KETCHEN, III,

    PLAINTIFF,

v.                                                                                        Case No:  1:24-cv-00037

DRJ GAINESVILLE K, LLC
d/b/a JENKINS KIA OF GAINSVILLE,
and ALLY FINANCIAL, INC.

    DEFENDANTS.

## ALLY FINANCIAL INC.'S ANSWER WITH AFFIRMATIVE DEFENSES

Defendant Ally Bank, erroneously sued as Ally Financial Inc. ("Ally"), by counsel, hereby submits its Answer with Affirmative Defenses to Plaintiff's Complaint ("Complaint").

### Jurisdiction

1.    The allegations in Paragraph 1 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

### Allegations as to Parties

2.    The allegations in Paragraph 2 refer to another defendant, and Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations, and therefore denies the same.

1

3. The allegations in Paragraph 3 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

4. The allegations in Paragraph 4 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

5. The allegations in Paragraph 5 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## Factual Allegations Common to All Counts

6. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies the same.

7. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies the same.

8. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies the same.

9. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies the same.

10. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies the same.

11. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies the same.

12. The allegations in Paragraph 12 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

13. The allegations in Paragraph 13 contain statements and conclusions of law to which no response is required, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the documents to which they refer, they are denied.

14. The allegations in Paragraph 14 refer to documents which speak for themselves. To the extent the allegations are contrary to documents to which they refer, they are denied.

15. The allegations in Paragraph 15 refer to documents which speak for themselves. To the extent the allegations are contrary to documents to which they refer, they are denied.

16. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies the same.

17. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies the same.

18. The allegations in Paragraph 18 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

19. The allegations in Paragraph 19 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

20. Ally admits the Dealership assigned the RISC to it. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the remaining allegations in Paragraph 20, and therefore denies the same.

21. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies the same.

22. The allegations in Paragraph 22 contain statements and conclusions of law to which no response is required, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the documents to which they refer, they are denied.

23. The allegations in Paragraph 23 refer to another defendant, and Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations, and therefore denies the same.

24. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies the same.

25. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies the same.

26. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies the same.

27. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies the same.

28. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies the same.

29. The allegations in Paragraph 29 refer to documents which speak for themselves. To the extent the allegations are contrary to documents to which they refer, they are denied.

30. The allegations in Paragraph 30 contain statements and conclusions of law to which no response is required, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the documents to which they refer, they are denied.

31. The allegations in Paragraph 31 contain statements and conclusions of law to which no response is required, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the documents to which they refer, they are denied.

32. The allegations in Paragraph 32 refer to another defendant, and Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations, and therefore denies the same.

33. The allegations in Paragraph 33 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

34. Ally is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies the same.

35. The allegations in Paragraph 35 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

**Assignee Liability**

36. The allegations in Paragraph 36 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

37. The allegations in Paragraph 37 contain statements and conclusions of law to which no response is required, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the documents to which they refer, they are denied.

38. The allegations in Paragraph 38 contain statements and conclusions of law to which no response is required, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the documents to which they refer, they are denied.

39. The allegations in Paragraph 39 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

40. The allegations in Paragraph 40 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

41. The allegations in Paragraph 41 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## COUNT I

## ACTION FOR VIOLATION OF THE FEDERAL ODOMETER ACT

### (Dealership and Holder)

42. Ally incorporates the foregoing paragraphs as if stated fully herein.

43. The allegations in Paragraph 43 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

44. The allegations in Paragraph 44 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

45. The allegations in Paragraph 45 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

46. The allegations in Paragraph 46 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

47. The allegations in Paragraph 47 contain statements and conclusions of law to which no response is required, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the documents to which they refer, they are denied.

48. The allegations in Paragraph 48 contain statements and conclusions of law to which no response is required, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the documents to which they refer, they are denied.

49. The allegations in Paragraph 49 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

50. The allegations in Paragraph 50 contain statements and conclusions of law to which no response is required, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the documents to which they refer, they are denied.

51. The allegations in Paragraph 51 contain statements and conclusions of law to which no response is required, or refer to documents which speak for themselves. To the extent the allegations are contrary to the law or the documents to which they refer, they are denied.

52. The allegations in Paragraph 52 contain statements and conclusions of law to which no response is required, or refer to documents which speak for themselves. To

the extent the allegations are contrary to the law or the documents to which they refer, they are denied.

53. The allegations in Paragraph 53 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

54. The allegations in Paragraph 54 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

55. The allegations in Paragraph 55 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

56. The allegations in Paragraph 56 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

57. The allegations in Paragraph 57 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

58. The allegations in Paragraph 58 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

169573115v2

59. The allegations in Paragraph 59 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

60. The allegations in Paragraph 60 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

Ally denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 60 of the Complaint.

## COUNT II

### ACTION FOR FRAUD

**(Dealership and Holder)**

61. Ally incorporates the foregoing paragraphs as if stated fully herein.

62. The allegations in Paragraph 62 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

63. The allegations in Paragraph 63 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

64. The allegations in Paragraph 64 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

65. The allegations in Paragraph 65 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

66. The allegations in Paragraph 66 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

67. The allegations in Paragraph 67 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

Ally denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 67 of the Complaint.

## COUNT III

## ACTION FOR FRAUDULENT INDUCEMENT

### (As to Dealership and Holder)

68. The allegations in Paragraph 68 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

69. Ally incorporates the foregoing paragraphs as if stated fully herein.

70. The allegations in Paragraph 70 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

11

71. The allegations in Paragraph 71 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

72. The allegations in Paragraph 72 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

73. The allegations in Paragraph 73 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

Ally denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 73 of the Complaint.

## COUNT IV

## **ACTION FOR BREACH OF EXPRESS WARRANTY**

### (As to Dealership and Holder)

74. Ally incorporates the foregoing paragraphs as if stated fully herein.

75. The allegations in Paragraph 75 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

76. The allegations in Paragraph 76 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

169573115v2

77.     The allegations in Paragraph 77 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

78.     The allegations in Paragraph 78 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

Ally denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 78 of the Complaint.

## COUNT V

## ACTION FOR REVOCATION OF ACCEPTANCE

### (Dealership and Holder)

79.     The allegations in Paragraph 79 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

80.     Ally incorporates the foregoing paragraphs as if stated fully herein.

81.     The allegations in Paragraph 81 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

82.     The allegations in Paragraph 82 contain statements and conclusions of law to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

83. The allegations in Paragraph 83 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

84. The allegations in Paragraph 84 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

85. The allegations in Paragraph 85 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

Ally denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 85 of the Complaint, including subparts A. through E.

Ally denies, specifically and generally, any allegation that is not expressly admitted to above.

Ally denies that it is liable to Plaintiff in any manner whatsoever under any theory whatsoever.

Ally reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

Ally reserves the right to amend its Answer to Claimant's Complaint to conform to the evidence as determined in discovery or at trial.

169573115v2

**DEMAND FOR JURY TRIAL**

Ally denies Plaintiff is entitled to a jury trial because Plaintiff entered into a binding arbitration agreement, therefore waiving his right to a jury trial.

**AFFIRMATIVE DEFENSES**

Ally hereby sets forth the following affirmative and other defenses to the Complaint, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

1. The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Ally reserves the right to file a dispositive motion seeking dismissal of Plaintiff's claims.

2. Ally denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

3. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's damages, if any, were caused by their own acts, omissions, or negligence, or other acts or omissions of third parties other than Ally.

4. Plaintiff's claims are barred, in whole or in part, to the extent he has failed to mitigate his damages.

5. At all times relevant, Ally acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable state or federal law.

6. Plaintiff's claims fail to the extent he failed to satisfy a condition precedent to bringing some or all of his claims against Ally.

7.  Plaintiff's claims are barred because they are subject to a binding arbitration agreement, depriving this Court of subject matter jurisdiction.

8.  Plaintiff's claims are subject to set off for any amounts due and owing on his Account.

WHEREFORE, Ally Bank, erroneously sued as Ally Financial Inc., by counsel, respectfully requests that the Court dismiss Plaintiff's Complaint and compel Plaintiff to arbitration, or in the alternative, enter judgment in favor of Ally and against Plaintiff, and for any such further relief the Court deems just.

Respectfully submitted, this 11th day of March 2024.

TROUTMAN PEPPER
HAMILTON SANDERS LLP

*/s/ Dorrella L. Gallaway*
Dorrella L. Gallaway
(Bar No. 63892)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2216
Telephone: (470) 832-6012
Facsimile: (757) 687-7510
Email: cfsecfintake@troutman.com
dorrella.gallaway@troutman.com

*Counsel for Defendant Ally Bank, erroneously sued as Ally Financial, Inc.*

169573115v2

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, I filed the foregoing *Answer with Affirmative Defenses* via the Court's CM/ECF system, which will distribute the document electronically to all counsel of record. Additionally, the foregoing has been mailed to Plaintiff via USPS First Class Mail at:

**Plaintiff**

Sandy L. Ketchen, III
71 B Maple St.
Winooski, VT 05404

*/s/ Dorrella L. Gallaway*
Dorrella L. Gallaway

169573115v2