UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SANDY L. KETCHEN, III,

    Plaintiff,

v.                                           Case No. 1:24-cv-37-MW/MJF

DRJ GAINESVILLE K, LLC, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff Sandy L. Ketchen's claims against Defendant Ally Financial Inc. are subject to an arbitration agreement, Ketchen and Ally Financial jointly move to dismiss Ketchen's claims against Ally Financial and to compel submission of those claims to arbitration. Doc. 26. The undersigned recommends that the District Court grant this joint motion, dismiss Ketchen's claims against Ally Financial, and return this case to the undersigned to address Ketchen's claims against another Defendant, DRJ Gainesville K, LLC.

## I. BACKGROUND

On October 6, 2022, Ketchen purchased a used Ford Fusion from DRJ Gainesville pursuant to an installment contract. Doc. 1 at ¶ 13. After the transaction was completed, DRJ Gainesville assigned the contract to Ally Financial. *Id.* ¶ 20. Almost immediately, Ketchen experienced mechanical problems with the car. *Id.* ¶¶ 24–25.

DRJ Gainesville declined to address Ketchen's concerns or to make repairs. Therefore, on December 27, 2023, Ketchen commenced this civil action against Ally Financial and DRJ Gainesville. Ketchen asserts the following "claims": (1) a violation of the federal odometer act; (2) fraud; (3) fraudulent inducement; (4) breach of an express warranty; and (5) "revocation of acceptance."

### A.  The Arbitration Provision

The contract Ketchen signed contained an arbitration provision. Doc. 1-1 at 6; Doc. 26-1 at 6. The arbitration provision provides:

> [a]ny claim or dispute, whether in contract, tort, statute or otherwise . . . between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship including any such relationship with third parties who do not sign this

contract shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

Doc. 1-1 at 6; Doc. 26-1 at 6.

**B.    The Joint Motion to Dismiss**

In light of the arbitration provision, on April 16, 2024, Ketchen and Ally Financial filed the instant joint motion. Doc. 26. Ketchen and Ally Financial agree that all of Ketchen's claims against Ally Financial are subject to the binding arbitration agreement. *Id.* ¶ 2.

## II.  DISCUSSION

The Federal Arbitration Act ("FAA") states that agreements requiring the submission of disputes to arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A district court must stay—or dismiss—a proceeding and compel arbitration if the court determines that "(a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (citing 9 U.S.C. §§ 2–4).

Here, Ketchen and Ally Financial agree that a valid agreement to arbitrate exists. *See* Doc. 26 ¶ 1; Doc. 1-1 at 6; Doc. 26-1 at 6. They further agree that all of Ketchen's claims against Ally Financial are subject to their agreement to arbitrate. Doc. 26 ¶ 2. The arbitration provision constitutes a valid arbitration contract and should be enforced. *See generally Joinville v. Express Auto., Inc.*, No. 16-62696-CIV, 2017 WL 8159333, at \*2 (S.D. Fla. July 11, 2017).

Because Ketchen agreed to submit his claims against Ally Financial to arbitration, the only question remaining is whether the District Court should stay this civil action pending arbitration or dismiss this case.

Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall *on application of one of the parties stay the trial of the action until such arbitration has been had* . . . .

9 U.S.C. § 3 (emphasis added). Here, Plaintiff joins the motion to dismiss this civil action. Thus, the District Court is not presented with a case where only one of the parties is seeking to compel arbitration.

Federal courts have expressed different opinions as to whether section 3 authorizes district courts to *dismiss* civil actions pending arbitration as opposed merely to *staying* such cases. *See Rancourt v. MyLife.com*, No. 4:21-cv-2-MW/MAF, 2021 WL 1010633, at *4 (N.D. Fla. Mar. 16, 2021) (noting that the Third, Seventh, and Tenth Circuits have held that § 3 allows courts to stay, not dismiss, cases referred to arbitration whereas the Fourth, Fifth, and Ninth Circuits have concluded dismissal is also appropriate under § 3). The Eleventh Circuit has not yet resolved this issue. *Id.*

Nevertheless, district courts in the Eleventh Circuit have dismissed—rather than stayed—civil actions when all the claims against a defendant were arbitrable, and the plaintiffs consented to dismissal. *Rayburn v. WebBank*, No. 1:18-cv-3127-JPB-CMS, 2019 WL 11499504, at *3 & n.1 (N.D. Ga. July 17, 2019), *report and recommendation adopted sub nom. Rayburn v. Synchrony Bank*, No. 1:18-cv-3127-JPB-CMS, 2019 WL 11499501 (N.D. Ga. Aug. 6, 2019); *Egana v. HSBC Mortg. Co.*, No. 1:07-cv-3011-BBM-GGB, 2008 WL 11470688, at *1 (N.D. Ga. June 11, 2008), *report and recommendation adopted*, No. 1:07-CV-3011-BBM, 2008 WL 11470686 (N.D. Ga. July 1, 2008); *see also Caley v. Gulfstream*

*Aerospace Corp.*, 333 F. Supp. 2d 1367, 1379 (N.D. Ga. 2004), *aff'd*, 428 F.3d 1359 (11th Cir. 2005).

Here, Ketchen has moved jointly for dismissal of his claims against Ally Financial. Furthermore, there is no dispute that all of Ketchen's claims against Ally Financial are subject to arbitration. For these reasons, the District Court should grant Ketchen and Ally Financial Inc.'s joint motion to dismiss Ketchen's claims against Ally Financial and compel arbitration of those claims. Dismissal should be without prejudice, however, to ensure that Ketchen may refile any claim that turns out not to be arbitrable. *See Samadi v. MBNA America Bank, N.A.*, 178 F. App'x 863, 864 (11th Cir. 2006).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **GRANT** Plaintiff Sandy L. Ketchen and Defendant Ally Financial Inc.'s motion to dismiss this civil action and submit Ketchen's claims for arbitration.

2.  **DISMISS** without prejudice Ketchen's claims against Ally Financial.

3. **ORDER** Ketchen to submit Ketchen's claims against Ally Financial to binding arbitration in accordance with the terms of their agreement.

4. **RETURN** Ketchen's claims against DRJ Gainesville K, LLC to the undersigned for further proceedings.

At Pensacola, Florida this 15th day of May, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**