UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SANDY L. KETCHEN, III,

    Plaintiff,

v.                        Case No. 1:24-cv-37-MW/MJF

DRJ GAINESVILLE K, LLC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Sandy L. Ketchen, III, commenced this action against DRJ Gainesville for damages after Ketchen purchased a vehicle from DRJ Gainesville. Doc. 1. DRJ Gainesville has moved to dismiss and to compel arbitration. Doc. 39. Ketchen responded in opposition. Doc. 42. The undersigned recommends that the District Court grant the motion to the extent it seeks to compel arbitration, stay the case pending arbitration, and deny the motion to the extent it seeks dismissal.

**I. BACKGROUND**

On October 6, 2022, Ketchen purchased a used Ford Fusion from DRJ Gainesville pursuant to an installment contract. Doc. 1 at ¶ 13.

Almost immediately, the car experienced mechanical problems. *Id.* ¶¶ 24–25. DRJ Gainesville declined to address Ketchen's concerns or to make repairs. Therefore, on December 27, 2023, Ketchen commenced this civil action against DRJ Gainesville and Ally Financial Inc. Ketchen asserts the following "claims": (1) a violation of the federal odometer act; (2) fraud; (3) fraudulent inducement; (4) breach of an express warranty; and (5) "revocation of acceptance." On June 10, 2024, the District Court granted Ketchen and Ally Financial Inc.'s joint motion to dismiss Ketchen's claims against Ally Financial. Doc. 28.

**A.**     **The Arbitration Provision**

The contract Ketchen signed contained an arbitration provision:

> [a]ny claim or dispute, whether in contract, tort, statute or otherwise . . . between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle . . . shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

Doc. 1-1 at 6; Doc. 39-1 at 6.

**B.**     **DRJ Gainesville's Motion to Dismiss**

In light of the arbitration provision, on August 22, 2024, DRJ Gainesville filed the instant motion to compel arbitration and to dismiss

Ketchen's claims without prejudice. Doc. 39. Ketchen previously conceded that the contract he signed contains a binding arbitration agreement. Doc. 26. Furthermore, Ketchen acknowledges that his claims arise from the purchase and condition of the vehicle. Doc. 42 at 1.

## II. DISCUSSION

The Federal Arbitration Act ("FAA") states that agreements requiring the submission of disputes to arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A district court must stay a proceeding and compel arbitration if the court determines that "(a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (citing 9 U.S.C. §§ 2–4).

Here, a valid agreement to arbitrate exists. Doc. 1-1 at 6. Ketchen does not raise any defense to the enforcement of the arbitration agreement. Doc. 42; *see also* Doc. 26. Furthermore, Ketchen concedes that the claims against DRJ Gainesville relate to the purchase of his vehicle

and the vehicle's condition at the point of sale, which allegedly was not "honestly represented in the [parties'] contract." Doc. 42 at 1. This falls squarely within the terms of the arbitration agreement. Doc. 1-1 at 6. Therefore, the arbitration provision constitutes a valid arbitration contract and should be enforced. *See generally Joinville v. Express Auto., Inc.*, No. 16-62696-CIV, 2017 WL 8159333, at *2 (S.D. Fla. July 11, 2017).

As to DRJ Gainesville's motion to dismiss, section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall *on application of one of the parties stay the trial of the action until such arbitration has been had* . . . .

9 U.S.C. § 3 (emphasis added); *see Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024) ("When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending the arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration."). Accordingly, the District Court should stay this case and not dismiss it.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT IN PART** and **DENY IN PART** DRJ Gainesville's motion to dismiss and compel arbitration as follows:

   a. **GRANT** the motion to the extent DRJ Gainesville seeks an order compelling arbitration and **ORDER** the parties to submit this dispute to binding arbitration in accordance with the terms of their agreement.

   b. **STAY** all proceeding in this action pending arbitration of the parties' dispute.

   c. **DENY** without prejudice DRJ Gainesville's motion to the extent DRJ Gainesville seeks to dismiss Ketchen's claims.

2. **DIRECT** the parties to notify the District Court when they have completed arbitration.

3. **DIRECT** the clerk of the court to administratively close this case and to reopen the case upon the filing of the partis' notice that arbitration has been completed.

At Pensacola, Florida this <u>28th</u> day of August, 2024.

                                                  /s/ *Michael J. Frank*
                                                  **Michael J. Frank**
                                                  **United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed R. Civ. P. 72. Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**